# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| FREEMAN PAIN INSTITUTE P.A. d/b/a REDEFINE HEALTH,<br><br>Plaintiff,<br><br>-against-<br><br>HORIZON BLUE CROSS BLUE SHIELD OF NEW JERSEY,<br><br>Defendant. | Index No.:<br><br>**COMPLAINT** |

Plaintiff Freeman Pain Institute P.A. d/b/a Redefine Health ("Plaintiff"), by and through its attorneys, Gottlieb & Greenspan, LLC, by way of Complaint against Horizon Blue Cross Blue Shield of New Jersey ("Defendant"), alleges as follows:

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff is a medical provider with a principal place of business at 2500 Morris Avenue, Suite 220, Union, New Jersey 07083.

2. Upon information and belief, Defendant is engaged in providing and/or administering health care plans or policies in the state of New Jersey.

3. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under federal law, specifically the No Surprises Act ("NSA"), 42 U.S.C. § 300gg-111 *et seq.*, which governs the Independent Dispute Resolution ("IDR") process for certain out-of-network billing disputes including those at issue here, as well the Federal Arbitration Act ("FAA"), 9 U.S.C §9 *et seq*.

4. Venue is proper in the United States District Court for the District of New Jersey, pursuant to 28 U.S.C. § 1391, because a substantial part of the events giving rise to this action occurred within the district.

## FACTUAL BACKGROUND

5. Plaintiff is a medical provider who specializes in orthopedic surgery and pain management.

6. On June 14, 2022, Dr. Aaron Greenberg, M.D., an orthopedic surgeon employed by Plaintiff, provided medical treatment for a 61-year-old male identified as G.P. ("Patient G.P.") at St. Clare's Hospital, located in Denville, New Jersey.

7. At the time of his treatment, Patient G.P. was the beneficiary of a health plan issued and/or administered by Defendant.

8. After treating Patient G.P., Plaintiff submitted a Health Insurance Claim Form ("HCFA") medical bill to Defendant seeking payment for the procedure, itemized under Current Procedural Terminology ("CPT") code 63030 in the amount of $80,000.00.

9. In response to Plaintiff's HCFA, Defendant allowed payment to Plaintiff in the amount of $2,412.72.

10. As an out-of-network provider, Plaintiff does not have a network contract that would determine or limit payment for Plaintiff's services to Defendant's members.

11. However, since the services were rendered emergently/inadvertently, Patient G.P.'s out-of-network medical treatment is subject to reimbursement pursuant to the NSA, 42 U.S.C. § 300gg-111 *et seq*.

12. Pursuant to the NSA, an out-of-network provider reserves the right to dispute a health plan's reimbursement for qualifying out-of-network services and initiate a 30-day negotiation period. 42 U.S.C. § 300gg-111(c)(1)(A).

13. In this case, Plaintiff disputed Defendant's payment determination and initiated the negotiation period called for by the NSA. In effect, Plaintiff was disputing Defendant's payment determination of $2,412.72

14. Pursuant to the NSA, if the payment dispute between the provider and insurer is not resolved during the negotiation period, the provider has the right to initiate arbitration under which the proper reimbursement amount is determined by a neutral arbitrator. 42 U.S.C. § 300gg-111(c)(1-5).

15. Plaintiff initiated such arbitration as called for by the NSA.

16. On May 10, 2024, the arbitrator ruled in Plaintiff's favor under Arbitration Dispute DISP-1162371, awarding Plaintiff a total of $72,000.00, amounting to an additional $69,587.28 over Defendant's initial payment. *See* **Exhibit A**, attached hereto.

17. Pursuant to the NSA, the determination of the arbitration award under DISP-1162371 is legally "binding upon the parties involved." 42 U.S.C. § 300gg–111(c)(5)(E)(i)(I).

18. Pursuant to the NSA, if it is determined in arbitration that an additional amount remains due, the insurer has 30 days from the date of the arbitration award to issue the additional payment. 42 U.S.C. § 300gg-111(c)(6).

19. However, Defendant failed to issue the arbitration payment to Plaintiff even though its deadline to do so was June 9, 2024.

20. As of the date of this Complaint, over 300 days have elapsed since Defendant's deadline to submit the award payment to Plaintiff.

21.     For DISP-1162371, Defendant has failed to pay $69,587.28, which is currently due and owing.

22.     Accordingly, Plaintiff has been damaged in the total amount of $69,587.28 and continues to suffer damages in the operation of its medical practice.

## COUNT ONE

### PLAINTIFF SEEKS RELIEF IN ACCORDANCE WITH 9 U.S. CODE § 9

23.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 22 of the Complaint as though fully set forth herein.

24.     The FAA, 9 U.S. CODE § 9, provides that, if the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made, any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order.

25.     In this case, while the parties do not have an agreement that a judgment of the court shall be entered upon the arbitration award at issue, the binding arbitration award was issued pursuant to the Federal No Surprises Act. 42 U.S.C. § 300gg–111(c)(5)(E)(i)(I).

26.     Indeed, this District has held that Federal courts have authority to confirm arbitration awards issued pursuant to the NSA under the FAA, 9 U.S.C. § 9. *See, e.g.*, *GPS of New Jersey M.D., P.C. v. Horizon Blue Cross & Blue Shield*, No. CV226614KMJBC, 2023 WL 5815821 (D.N.J. Sept. 8, 2023) (granting Horizon Blue Cross & Blue Shield's cross-motion to confirm an NSA entity award under 9 U.S.C. § 9 because the language of the NSA indicates the NSA award is "final and binding" and, by invoking Section 10(a) of the Federal Arbitration Act, the NSA "gives the court the authority to confirm the award").

27. It is against equity and good conscience to deprive Plaintiff of a remedy to enforce a "binding" arbitration award issued in accordance with federal law.

28. Accordingly, Plaintiff brings this action for an Order confirming the May 10, 2024 arbitration award in DISP-1162371.

**COUNT TWO**

**VIOLATION OF THE FEDERAL NO SURPRISES ACT REGARDING THE NON-PAYMENT OF THE BINDING AWARD**

29. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 28 of the Complaint as if fully set forth herein.

30. Under the NSA, a party is permitted to initiate the federal arbitration process called for by the Act if the parties are unable to agree on a payment rate during the NSA's negotiation period. 42 U.S.C. § 300gg-111(c)(1-5).

31. In the instant case, the parties were unable to agree on the out-of-network rate for the services provided, and the parties therefore proceeded to arbitration as called for the NSA.

32. On May 10, 2024, ProPeer Resources, LLC, the certified independent dispute resolution ("CIDR") entity assigned to DISP-1162371, awarded Plaintiff an additional $69,587.28 over Defendant's initial payment.

33. According to the NSA, Defendant had thirty (30) days to remit the arbitration payment to Plaintiff. 42 U.S.C. § 300gg-111(c)(6).

34. Defendant failed to make the payment within thirty (30) days and, as of the date of the filing of this Complaint, Defendant has failed to remit the arbitration payment to Plaintiff.

35. As such, Defendant has failed to comply with the requirements of the NSA.

36. Accordingly, due to Defendant's failure to comply with the NSA's requirements, Plaintiff has been damaged in the total amount of $69,587.28.

## CLAIM FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a. For an Order confirming the arbitration award issued under DISP-1162371;

b. For an Order directing Defendant to pay Plaintiff $69,587.28;

c. For attorney's fees, interest, and costs of suit; and

d. For such other and further relief as the Court may deem just and equitable.

Dated: April 8, 2025
Fair Lawn, New Jersey

        **GOTTLIEB & GREENSPAN, LLC**
        *Attorneys for Plaintiff*

By:   /s/ Debra A. Clifford
      Debra A. Clifford
      17-17 Route 208, Suite 250
      Fair Lawn, New Jersey 07410
      (201) 644-6653
      dclifford@gottliebandgreenspan.com