# Exhibit A

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-1162371

ProPeer Resources, LLC has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-1162371** and has determined that Freeman Pain Institute PA dba Redefine H is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, ProPeer Resources, LLC has determined that the out-of-network payment amount of **$72,000.00** offered by Freeman Pain Institute PA dba Redefine H is the appropriate out-of-network rate for the item or service 63030 on claim number 117264V21449 , 78026233642581 under this dispute.

ProPeer Resources, LLC based this determination on a review of the following:

Freeman Pain Institute PA dba Redefine H submitted an offer of $72,000.00

Horizon submitted an offer of $2,412.72

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

|   | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The level of training, experience, and quality and outcomes measurements of the provider or facility that furnished such item or service (such as those endorsed by the consensus-based entity authorized in section 1890 of the Social Security Act) | X | X |
| 2 | The market share held by the nonparticipating provider or facility or that of the plan or issuer in the geographic region in which the item or service was provided | X | X |
| 3 | The acuity of the individual receiving such item or service or the complexity of furnishing such item or service to such individual | X | X |
| 4 | The teaching status, case mix, and scope of services of the nonparticipating facility that furnished such item or service | X | |
| 5 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | X |
| 6 | Additional information submitted by a party | X | X |

**Final Determination Rationale**

Determination in favor of Freeman Pain Institute PA dba Redefine H was made in this case. All submitted information was reviewed and investigated thoroughly. The initiating party provided evidence of the level of

training and experience of the provider, market share, acuity of the participant, teaching status, case mix and scope of services; good faith efforts to negotiate, and additional information. There was sufficient information provided by the non-initiating party to support participation in good faith negotiations and additional information. In addition, QPA was reviewed and considered in the determination. The information submitted by Freeman Pain Institute PA dba Redefine H demonstrated the offer selected as the out-of-network rate is the offer that best represents the value of the qualified IDR item or service. The level of care provided was consistent with the initiating party's offer. Based on the preponderance of information, Freeman Pain Institute PA dba Redefine H is the prevailing party.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider or facility** when the amount of the offers selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider or facility and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider or facility owes a refund to a plan, issuer or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FHHB carrier has paid to the non-participating provider or facility and 2) any cost sharing paid by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. ProPeer Resources, LLC has determined that Horizon is the non-prevailing party in DISP-1162371 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to Freeman Pain Institute PA dba Redefine H by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar item or service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar item or service.

The initiating party with respect to dispute number DISP-1162371 was Freeman Pain Institute PA dba Redefine H. The initiating party's TIN is 871737086. The non-initiating party was Horizon. The 90-calendar day cooling off period begins on May 9, 2024 . Please retain this information for your records.

If the end of the open negotiation period for such an item or service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the [No Surprises website](#) for additional IDR resources.

**Contact information**
For questions, contact ProPeer Resources, LLC. Include your IDR Reference number referenced above.

Thank you,

ProPeer Resources, LLC

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*